IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:21-CV-13-BO

| | |
|---|---|
| ERICA WILLIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| KILOLO KIJAKAZI, ) | |
| *Acting Commissioner of Social Security*,[1] ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. [DE 18, 23]. A hearing was held on these matters before the undersigned on September 15, 2022, at Greenville and Elizabeth City, North Carolina.[2] For the reasons discussed below, plaintiff's motion for judgment on the pleadings is granted and defendant's motion is denied.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her application for disability insurance benefits and supplemental security income benefits pursuant to Titles II and XVI of the Social Security Act. Plaintiff filed her applications in May 2015 alleging disability beginning January 1, 2018. After initial denials, plaintiff proceeded to a hearing before an Administrative Law Judge (ALJ), after which the ALJ issued an unfavorable ruling. The ALJ's decision was remanded by the Appeals Council and a new hearing by a different ALJ was conducted on July 10, 2020. The ALJ issued an unfavorable decision and the ALJ's decision became the final decision of the Commissioner when the

---

[1] Kijakazi has been substituted as the proper defendant pursuant to Fed. R. Civ. P. 25(d).
[2] Counsel appeared via videoconference and the undersigned presided via videoconference from Elizabeth City.

Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If a decision

2

regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

After determining that plaintiff had not engaged in substantial gainful activity since her amended alleged onset date and met the insured status requirements through December 31, 2012, at step one, the ALJ found at step two that plaintiff had severe impairments – degenerative disc disease, ulnar neuropathy, left eye blindness, diabetes mellitus with neuropathy, and hypertension – that did not meet or medically equal the severity of one of the listed impairments at step three. The ALJ made an RFC finding that plaintiff could perform light work with limitations. The ALJ found that plaintiff could perform her past relevant work as a license clerk and office manager, and thus that plaintiff was not disabled as of the date of the decision.

Plaintiff raises several assignments of error, including a claim that the structure of the Social Security Administration is constitutionally invalid. Because the Court determines that the ALJ erred in failing to find plaintiff met a Listing, the Court declines to reach the constitutional issue.

Diabetes mellitus does not have its own Listing criteria, but rather is to be evaluated under the Listing for the body system affected. *See* 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 9.00(g)(a)(ii). Chronic hyperglycemia may be evidenced by and evaluated under, *inter alia*, poorly healing bacterial and fungal infections of the skin under Listing 8.00. *Id.* Plaintiff contends that she satisfies the Listing requirements for chronic skin infections, which requires a claimant to demonstrate "extensive fungating or extensive ulcerating skin lesions that persist for at least 3 months despite continuing treatment as prescribed." *Id.* § 8.04.

The record in the case supports that plaintiff had high blood glucose for several years. Plaintiff further reported sores on her feet and decreased sensation in her feet and hands. In July 2019, plaintiff was diagnosed as having larger ulcers on both feet. She was treated at a wound healing center, and by late October 2019, though the wounds had shown some improvement, she still presented with wounds exposing the fat layer, drainage, sloughing, and necrotic tissue. These ulcers further interfered with plaintiff's ability to walk and plaintiff was instructed not to wear shoes for more than thirty minutes at a time. *See* Tr. 757-797; Tr. 57.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). It is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the

4

correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974).

Here, it has been established that plaintiff meets the criteria for Listing 8.04 and a decision to the contrary is not supported by substantial evidence. The Court thus discerns no purpose which would be served by remanding the matter to the Commissioner for additional proceedings. Reversal is therefore appropriate.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that reversal is appropriate because the ALJ failed to apply the correct legal standard and the decision is not supported by substantial evidence. Accordingly, plaintiff's motion for judgment on the pleadings [DE 18] is GRANTED and defendant's motion [DE 23] is DENIED. The decision of the Commissioner is REVERSED and the matter is remanded for an award of benefits.

SO ORDERED, this __25__ day of September 2022.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE